**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE RODOLFO MAGANA-PENA, | No. 13-70117 |
| Petitioner, | Agency No. A076-743-779 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2015[**]
San Francisco, California

Before: W. FLETCHER, RAWLINSON, and PARKER,[***] Circuit Judges.

Petitioner Jose Rodolfo Magana-Pena (Magana-Pena) petitions for review of

a decision of the Board of Immigration Appeals (BIA) that determined Magana-

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Pena's conviction for residential burglary under Arizona Revised Statute § 13-1507 was an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(F). Specifically, the BIA determined that Magana-Pena's burglary offense constituted a crime of violence under 18 U.S.C. § 16(b).[1]

As a preliminary matter, we conclude that res judicata did not bar the Department of Homeland Security from raising a new ground of removability on remand from this court because there was never a final judgment on the merits. *See Valencia-Alvarez v. Gonzales*, 469 F.3d 1319, 1324 (9th Cir. 2006).

However, we conclude that our recent decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), controls the outcome of this case. In *Dimaya*, we adhered to the rationale articulated in *Johnson v. United States*, 135 S. Ct. 2551, 2558 (2015), where the Court held that the residual clause defining a violent felony under the Armed Career Criminal Act of 1984 was unconstitutionally vague. We held that the similar "residual clause definition of a violent felony [under 18 U.S.C. § 16(b)] is unconstitutionally vague. . . ." *Dimaya*, 803 F.3d at 1111 (internal quotation marks omitted). We are bound by this precedent, which does not support the BIA's determination.

---

[1] 18 U.S.C. § 16(b) defines a crime of violence as a felony offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The petition for review is **GRANTED** and we **REMAND** to the BIA for further proceedings consistent with this disposition.